[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANTS' MOTION TO DISMISS (105)
On January 28, 1993, the plaintiff Diversified Financial Systems, Inc. caused a writ, summons and complaint to be served upon the defendant Andrew Forte. Said writ, summons and complaint was returnable on February 9, 1993. The plaintiff caused the writ, summons and complaint to be returned to court on February 3, 1993.
The defendant moves to dismiss this action. The defendant relies upon Connecticut General Statutes 52-46 which provides:
 Civil process, if returnable to the supreme court, shall be served at least thirty days, inclusive, before the day of the sitting of the court, and, if returnable to the superior court, at least twelve days, inclusive, before such day.
CT Page 4238
"In computing the days prior to the return day in order to determine the last possible day of service, the day of service is to be included and the return day is excluded." Edward Stephenson, Connecticut Civil Procedure (2nd Ed. 1970), 21, p. 69; See also Brooklyn Trust Co. v. Town of Hebron, 51 Conn. 22,27 (1883); Conn. Gen. Stat. 52-46. Employing this method, the defendant was served twelve days before the return day. Therefore, the plaintiff acted in compliance with the statute. See Conn. Gen. Stat. 52-46.
The defendant next claims that General Statutes 52-46a
provides a basis for dismissal. That statute reads as follows:
 Process in civil actions returnable to the supreme court shall be returned to its clerk at least twenty days before the return day and, if returnable to the superior court, except process in summary process actions, to the clerk of such court at least six days before the return day.
"A superior Court case holds that the days prior to return day for return of the writ are to be calculated in the same way that the days are calculated for determining when service must be made; count the day of return but not return day." Connecticut Civil Procedure, 22 p. 73 citing Nowell v. Nowell, 24 Conn. Sup. 314
(1963). The defendant in the instant case was served on the Wednesday prior to the Tuesday return day. Such day was the last day for a proper return of the writ. See Nowell,24 Conn. Sup. at 316. Thus, the writ was properly returned.
For the reasons stated, the motion to dismiss is denied.
Dorsey, J.